UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LATEEF,

        Plaintiff,

vs.                                      CASE NO. 4:25-CV-10757
                                        HONORABLE F. KAY BEHM
                                        UNITED STATES DISTRICT JUDGE

TANNER, et. al.,

        Defendants,
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff is a state inmate confined at the Brooks Correctional Facility in Muskegon Heights, Michigan. On March 18, 2025, Plaintiff filed a civil rights complaint with this Court. On March 20, 2025, Magistrate Judge David R. Grand signed an order of deficiency. The order required Plaintiff to provide a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months, because the trust fund account provided by Plaintiff with his application to proceed without prepayment of fees and costs was not current in that it only showed the history of the financial transactions in his institutional trust fund account for a period of time beginning on May 12, 2024 and ending on November 12, 2024. The order alternatively allowed Plaintiff to pay the three-hundred-and-fifty ($ 350.00) dollar

filing fee plus the fifty-five ($ 55.00) dollar administrative fee. (ECF No. 4). Plaintiff was given thirty days to comply with the order.

To date, Plaintiff has neither submitted an updated computerized trust fund account statement nor has he paid the filing fee. Plaintiff, as mentioned above, only provided the Court with a computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for a period of time beginning on May 12, 2024, and ending on November 12, 2024.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id*. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of

2

fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Plaintiff's current trust fund statement is inadequate because it does not show the financial transactions in his prison trust account for the entire six-month period immediately preceding the filing of the complaint on March 18, 2025, but instead ends on November 12, 2024, over four months prior to the filing of the current complaint. (ECF No. 2, PageID. 24). The current trust fund statement is inadequate to cure the deficiency because it does not contain a current and complete six-month computer printout of the deposits and withdrawals from Plaintiff's trust account. *See Dixon v. Hofbauer*, 53 F. App'x 313 (6th Cir. 2001).

Plaintiff failed to correct the deficiency order; the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See, e.g., Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order

3

precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED.**

Dated: May 12, 2025                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge